**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Case No. 10-20156-CM |
| ) | Civil Case No. 12-CV-2759-CM |
| DARRELL C. SMITH ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's Motion to Recall Order (Doc. 52). Defendant argues that the court incorrectly determined in its March 19, 2013 order (1) that his memorandum of law in support of his 28 U.S.C. § 2255 motion was untimely, and (2) that his arguments for habeas relief lacked merit. Defendant also requests appointment of counsel and an evidentiary hearing. For the following reasons, the court dismisses defendant's motion for lack of subject matter jurisdiction.

**I.     Factual Background**

Defendant originally filed his form 28 U.S.C. § 2255 motion on December 5, 2012. He alleged that his trial counsel was constitutionally ineffective during the pretrial, plea, and sentencing stage of his case. He referred the court to his memorandum of law for the facts supporting each claim.

The court reviewed the motion and entered an order explaining that the memorandum of law was not attached. The court granted defendant ten days to file his brief. Defendant failed to timely submit his memorandum, so—several weeks after the deadline—the court dismissed his motion on procedural grounds.

Defendant quickly filed a motion asking the court to reopen his case and grant him an extension of time to file his memorandum. The court granted his motion on January 30, 2013, and

-1-

allowed him thirty (30) days to file his brief. On March 12, 2013, the court—having not received a memorandum of law—analyzed the merits of defendant's 28 U.S.C. § 2255 claims and denied his motion. The court also denied a certificate of appealability.

On March 14, 2013, the court received defendant's brief. The attached envelope indicated that defendant mailed his brief on March 7, 2013, which was still after the thirty-day deadline. The court entered an order on March 19, 2013, explaining that it received the brief, that the brief was still untimely, and that the court was not considering it. The court also noted that the arguments in defendant's brief appeared to lack merit. Defendant subsequently filed the instant motion.

**II.     Analysis**

Defendant is proceeding pro se, so the court broadly construes his motion. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). The content of defendant's motion is directed to the March 19, 2013 order. The requested relief, however, is that the court "recall [its] previous order and allow [defendant] to proceed with his previously filed Title 28 U.S.C. § 2255." (Doc. 52; *see also id.* at 3 (requesting that the court "put aside its order dismissing his § 2255 and accept the memorandum of law as timely").) The court denied defendant's § 2255 motion in its March 12, 2013 order. Therefore, based on the substance of the requested relief, the court construes defendant's motion as a Rule 60(b) motion directed to the March 12, 2013 order.[1]

Before examining the merits of defendant's motion, the court must consider its jurisdiction. The court has jurisdiction to resolve "true" Rule 60(b) motions. *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006). These motions "challenge[] only a procedural ruling of the habeas court

---

[1] To the extent defendant's motion should be treated as a motion to reconsider the non-dispositive March 19, 2013 order, the court denies it. Grounds warranting reconsideration of a non-dispositive order include an intervening change in controlling law, the existence of new evidence previously unavailable, and the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b). Defendant's arguments do not satisfy this standard. The court correctly determined that his brief was untimely. And defendant had been given several previous opportunities to file his memorandum of law.

which precluded a merits determination of the habeas application . . . or . . . challenge[] a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1216 (internal quotation and citation omitted).

But the court lacks jurisdiction to consider Rule 60(b) motions that—in reality—are second or successive 28 U.S.C. § 2255 motions absent certification from the Tenth Circuit. *Id.* These types of motions "assert or reassert a federal basis for relief from the underlying conviction . . . ." *Id.* An example of second or successive motion is a motion that challenges the habeas court's previous ruling on the merits of a claim. *Id.*

Defendant's motion argues (1) that his memorandum of law was timely filed and (2) that the court incorrectly concluded that his asserted bases for relief from his underlying conviction lack merit. The court determines that both arguments are second or successive motions. Defendant's first argument is an attempt to provide the court with additional arguments and evidence in support of his habeas claims.[2] Defendant's second argument is clearly a merits-based attack on the court's resolution of defendant's § 2255 motion. Because the Tenth Circuit has not certified this motion (or either argument), the court lacks subject matter jurisdiction to consider it.

The court may dismiss this motion or, if in the interests of justice, transfer the matter to the Tenth Circuit under 28 U.S.C. § 1631. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Dismissal is appropriate in this case. *See id.* at 1251 (outlining factors the district court should consider in deciding whether transfer is appropriate). A second or successive motion is only permitted in the two

---

[2] The untimeliness of his brief did not preclude a merits determination on his habeas claims. Even if his untimeliness argument is considered a "true" Rule 60(b) motion, the court denies it. The court's January 30, 2013 order granted defendant thirty days to file his memorandum. The order did not qualify the beginning of this extension upon defendant's receipt of the court's order. Therefore, the normal rules for computing time applied. Even assuming that defendant receives the benefit of the mailbox rules, defendant's memorandum of law was "filed" on March 7, 2013, which is six days over the thirty-day deadline. As such, defendant's argument does not warrant relief.

-3-

situations outlined in 28 U.S.C. § 2255(h).  Defendant's current motion does not assert a claim that satisfy either situation.  In addition, defendant's motion appears to lack merit.  To the extent necessary, the court also denies a certificate of appealability because defendant's motion fails to satisfy the standard in *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**IT IS THEREFORE ORDERED** that defendant's Motion To Recall Order (Doc. 52) is dismissed for lack of subject matter jurisdiction.  The court denies a certificate of appealability.

Dated this 6th day of May, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge
